FILED
SUPERIOR COURT
OF GUAM

2024 APR 12 PM 1:30

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THOMAS J. FISHER, as Taxpayer and in his Official Capacity as a Senator of the 37th Guam Legislature, | CIVIL CASE NO. CV0392-23 |
| Plaintiff, | **DECISION AND ORDER** |
| v. | *Re: Defendant's Motion to Dismiss Pursuant to GRCP 12(b)(6) and 56; and Plaintiff's Motion for Continuance to Conduct Discovery* |
| IGNACIO C. SANTOS, in his official capacity as a Government of Guam Federal Programs Administrator and in his private capacity, and DOES 1-5, | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 12, 2023, for a hearing on Defendant Ignacio C. Santos's ("Defendant") Motion to Dismiss Pursuant to Guam Rules of Civil Procedure ("GRCP") 12(b)(6) and 56, and Plaintiff Thomas J. Fisher's ("Plaintiff") Motion for Continuance to Conduct Discovery. Present at the hearing were: Plaintiff, with counsel Attorney Rachel Taimanao-Ayuyu, and Defendant, with Attorney Edwin Torres. Having considered the arguments, briefs, and applicable law, the Court hereby **DENIES** Defendant's Motion to Dismiss and **GRANTS** Plaintiff's Motion for Continuance.

## BACKGROUND

The case at bar arises from Plaintiff's Complaint, which was filed on July 5, 2023. On August 15, 2023, Defendant Santos filed a Motion to Dismiss Pursuant to GRCP 12(b)(6) and 56 ("Motion to Dismiss"), seeking an Order granting summary judgment in Defendants' favor and dismissing all of Plaintiff's claims. Upon filing the Motion to Dismiss, Defendant Santos contemporaneously appended a memorandum in support of the motion, captioned the Statement of Undisputed Material Facts ("SUMF"). Defendant Santos alleges that the Court may review the Motion to Dismiss under GRCP 56 because the SUMF includes documents and facts outside of the pleadings. Mot. to Dismiss, at 1. In the Motion to Dismiss, Defendant claims that: 1) in each of Defendant's three causes of action, Plaintiff fails to state a claim for which relief may be granted; 2) if Plaintiff prevails in his case, the Court will be required to issue an injunction against Defendant to prohibit him from expending funds contrary to law, which would allegedly be a legal nullity, and; 3) the dismissal should be with prejudice because Plaintiff cannot allege any fact that would support a finding that Defendant spent or released any funds.

On October 3, 2023, Plaintiff filed his opposition to the Motion to Dismiss, arguing that: 1) Plaintiff's causes of action are based on 5 GCA §§ 7102 and 7103, and that Plaintiff sufficiently alleges the essential elements of a taxpayer suit; 2) it is premature to convert the Motion to Dismiss to one of summary judgment because the SUMF requires depositions of persons referenced in Defendant's declaration; 3) Defendant's declaration must be stricken because it sets out facts that would be inadmissible as evidence, and; 4) Defendant's declaration must be stricken for failure to allege facts based on personal knowledge.

The next day, on October 4, 2023, Plaintiff filed his Motion for Continuance to Conduct Discovery Pursuant to GRCP Rule 56(d) and Memorandum in Support Thereof ("Motion for Continuance"), further arguing that summary judgment is inappropriate when the

nonmoving party has not been given adequate time for discovery to establish the existence of an element essential to a party's case, and on which the party will bear the burden of proof at trial. Plaintiff argues that, while he deems summary judgment to be improper, he should be given the opportunity to conduct discovery for the purpose of controverting Defendant's assertion that local funds used to pay overtime compensation to exempt employees was not a violation of the expenditure statute.

On October 31, 2023, Defendant Santos filed an Omnibus Response to Plaintiff's Opposition to Motion to Dismiss and Plaintiff's Motion for Continuance to Conduct Discovery ("Omnibus Response"). In reply to Plaintiff's opposition to the Motion to Dismiss, Defendant argued that the OPA report which allegedly formed the basis for Plaintiff's Complaint contradicts the allegations in the Complaint, that documents attached to Defendant's declaration prove as a matter of law that he cannot expend funds, that Defendant's declaration cannot be stricken because Plaintiff has not moved to strike, that there is no requirement that Defendant affirmatively state that his declaration is based upon personal knowledge and therefore the Court may consider the declaration on a Motion for Summary Judgment, and that Plaintiff cannot demonstrate a genuine issue of material fact by relying on the allegations in the OPA report because certification of funds does not equate to an expenditure. In opposition to Plaintiff's Motion for Continuance, Defendant argues that the genuine issues of material fact alleged to by Plaintiff in the motion do not relate to any material fact to support his claims under 5 GCA § 7103, and therefore no amount of discovery will support Plaintiff's allegation that Defendant unlawfully expended funds; and that Plaintiff's declaration fails to the requirement under GRCP 56(d) that he identify specific facts he wishes to elicit on discovery.

On December 12, 2023, the Court held a hearing on both motions, given their interrelated nature. At hearing, the Court, of its own discretion, gave counsel thirty (30) days to

submit declarations in conformity with the findings of *Estate of Cruz v. Detry Corp.*, 2023 Guam 13, which discussed recent amendments to GRCP 56. On January 10, 2024, Defendant filed an Amended Declaration in support of the Motion to Dismiss, amending his prior declaration to state that Defendant made the declaration upon his personal knowledge. On January 11, 2024, the parties filed a stipulation to enlarge time for Plaintiff to file his affidavit. On January 19, 2024, Plaintiff filed said affidavit, requesting that the Court deny a conversion for summary judgment or defer a motion for summary judgment until after discovery may be conducted. Plaintiff argues for discovery, claiming that Plaintiff presently cannot present essential facts contained in a declaration based on personal knowledge to controvert Defendant's assertions, nor is Plaintiff able to obtain information that would controvert Defendant's allegations of undisputed facts as to his honesty, his authority to unilaterally sign off on portions of payroll records reserved for official GDOE certifying officers, and whether Defendant's authorization of payments to himself and other GDOE employees was in accordance to a GDOE plan as required by the U.S. Department of Education for federal reimbursement. Aff. Of Thomas J. Fisher, at 4-5 (January 19, 2024). The Court subsequently took the matter under advisement.

## DISCUSSION

### I. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED—GRCP 12(B)(6)

GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). Guam law requires only a short and plain statement of the claim showing entitlement to relief. *Ukau v. Wang*, 2016 Guam 26 ¶ 52. Whether a plaintiff pleaded or proved his claim by preponderance of the evidence is immaterial at the 12(b)(6) phase; Plaintiff merely has to state sufficient facts to place Defendant

on notice of his claim. *Wang*, 2016 Guam 26 ¶ 53. While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wang*, 2016 Guam 26 ¶ 26. Beyond this, the Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it imposes only a liberal notice pleading requirement. *See id.* at ¶ 33.

When reviewing a Rule 12(b)(6) motion, the trial court must construe the pleading in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor. *Id.* at ¶ 51. In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech Int'l Corp. v. Hanil Eng. & Constr. Co.*, 2010 Guam 13 ¶ 29. If the Court considers extraneous material outside of the pleadings when ruling on a 12(b)(6) motion, the Court must convert the dismissal motion into a Rule 56 motion for summary judgment. *Id.*

Upon review of the pleadings, the Court finds that Plaintiff has sufficiently substantiated a claim under 5 GCA §§ 7102 and 7103, and has given Defendant notice of that claim. On this basis, the Court finds Plaintiff's pleadings sufficient to deny the Motion to Dismiss. However, because Defendant filed the SUMF contemporaneously with the Motion to Dismiss, and both parties have referenced the SUMF, the Court must take it into consideration. Having done so, the Court must accordingly **DENY** Defendant's Motion to Dismiss, and convert the Motion to Dismiss into a Rule 56 motion for summary judgment.

## II.     SUMMARY JUDGMENT—GRCP 56 (2022)

On July 18, 2022, GRCP 56, the Rule governing summary judgment, was updated pursuant to Promulgation Order No. 06-006-18-01. *See Re: Amendments to the Guam Rules of Civil Procedure and Local Rules of the Superior Court for Civil Proceedings*, PRM06-006. Because the parties' arguments were based in part on case law involving an older version of the statute, the Court granted the parties additional time to submit declarations based on the updated statute.

In his Affidavit, Plaintiff argued that discovery was required before the Court could consider summary judgment. This argument was based on allegations that: 1) Plaintiff has no knowledge of Defendant's reputation for honesty and believes evidence exists to controvert Defendant's honesty and regard for his position; 2) Plaintiff needs to know the scope of the oversight alleged in the Complaint and whether it entailed disbursement of federal funds, to provide Plaintiff with a basis for which to controvert Defendant's allegation that he possessed authority to allegedly violate GDOE personnel rules as a "self-proclaimed certifying officer"; 3) there are no facts supporting the assertion that then-superintendent Christoper Fernandez directed Defendant to apply for certain grants; 4) Defendant's account of his workload is *ipse dixit* and supported by his own statement in which he agrees with himself; 5) much of Defendant's declaration in support of his motion for summary judgment is based on hearsay in the form of emails between Defendant and named government officials, and Plaintiff should be allowed to conduct discovery regarding information known to those individuals; 6) the alleged fact that Fernandez approved Defendant's request for overtime payment, night differential, and holiday compensation is disputed because Fernandez disavowed that approval via email, and discovery is needed to determine whether Defendant received, understood, and acted in accordance with the email; 7) Defendant provides no evidence that he met with the government

individuals named by Defendant, save for his own declaration.  Aff. of Thomas J. Fisher, at 2-5.

Pursuant to GRCP 56(c), a trial court is directed to grant a motion for summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. GRCP 56(a) (2022). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by either: 1) citing to particular parts of materials in the record, including depositions, documents electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials; or 2) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. GRCP 56(c)(1) (2022). An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated. GRCP 56(c)(4) (2022). If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts esssential to justify its opposition, the Court may either defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue any othet appropriate order.

Based on Plaintiff's arguments, the Court finds that, pursuant to the updated GRCP 56 provisions, Plaintiff has shown by affidavit that he cannot present facts essential to justify his opposition. The Court agrees that certain portions of Defendant's supporting documentation are predicated solely upon hearsay evidence, and that additional fact-finding is required to complete the record and determine whether there is truly no genuine issue as to any material fact. Accordingly, the Court finds that, in order to determine that there is no genuine issue as to any material fact, Plaintiff must first be given the opportunity to conduct the proposed

discovery. The Court will therefore **GRANT** the Motion for Continuance and will defer from considering the motion for summary judgment until such time as discovery is completed.

**CONCLUSION**

For the reasons set forth above, the Court hereby **DENIES** Defendant's Motion to Dismiss and **GRANTS** Plaintiff's Motion for Continuance.

**IT IS SO ORDERED** ___APR 1 2 2024___ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam